[No. D021721. Fourth Dist., Div. One. Feb. 14, 1997.]

GEORGE L. WILSON et al., Plaintiffs, v.
SCIENCE APPLICATIONS INTERNATIONAL CORP., Defendant and
Respondent;
COPLEY PRESS, INC., Movant and Appellant.

## Counsel

Harold W. Fuson, Jr., Judith L. Fanshaw and Scott A. Wahrenbrock for Movant and Appellant.

Dennis P. Hickman for Defendant and Respondent.

## Opinion

**BENKE, Acting P. J.**—In this case we hold that after entry of an order sealing all or part of the record in a civil proceeding, members of the public, who were not parties to the proceeding at the time the order was entered, may challenge the continued need for the order.

I

### Factual and Procedural Background

These proceedings were commenced in 1987 when George L. Wilson and Jean Wilson filed a complaint against defendant and respondent Science Applications International Corp. (SAIC). In 1988, with the active assistance

of the trial court, the Honorable Vincent P. Di Figlia presiding, the Wilsons and SAIC settled the lawsuit. As a condition of their settlement agreement, the Wilsons and SAIC stipulated the court file and the settlement agreement would be sealed, and on September 13, 1988, Judge Di Figlia entered an order on their stipulation.

In 1994, movant and appellant Copley Press, Inc. (Copley), moved for an order unsealing the court's file.[1] Copley argued that in the absence of compelling reasons to maintain confidentiality, a prior order sealing records must be lifted.

SAIC filed an opposition to Copley's motion and argued the order sealing the court's record should not be disturbed because the parties had relied upon it and because in any event the motion was untimely. In support of its position, SAIC submitted an affidavit from one of the attorneys who negotiated the settlement. The affidavits stated that confidentiality was one of the material terms of the parties' settlement.

The hearing on Copley's motion was conducted by the Honorable James R. Milliken. At the hearing Copley asked that the matter be transferred to Judge Difiglia and its request was denied. At the hearing Copley also asked for an opportunity to examine the court's order sealing the record and any papers the parties filed in support of the order sealing the court's records. Judge Milliken took the matter under submission and, without responding to Copley's request to examine the record the parties made at the time the initial order was entered, denied Copley's motion to unseal its file. Copley filed a timely notice of appeal.[2]

II

ISSUES ON APPEAL

On appeal Copley contends that because it was not a party to the action at the time the order sealing the court's records was entered, its application to unseal the court's records was timely. ▮▮▮▮ Copley further

---

[1]Copley did not ask for disclosure of any document which is not in the court's file. Thus, we are not presented with the considerations which would obtain if Copley were seeking access to a confidential settlement between private parties which was not part of a court's records. (See, e.g., *Hinshaw, Winkler, Draa, Marsh & Still* v. *Superior Court* (1996) 51 Cal.App.4th 233 [58 Cal.Rptr.2d 791].)

[2]Copley also filed a prophylactic petition for writ of mandate in the event we determined the trial court's order was not appealable; we ordered the petition considered with the appeal. As a postjudgment order, the trial court's order is appealable. (Code Civ. Proc., § 904.1, subd. (a)(2).) Accordingly, by separate order we have denied the petition for a writ of mandate.

contends that on its motion to unseal the records, SAIC bore the burden of showing some continuing need for confidentiality.

## III

### DISCUSSION

#### A. *Public's Right to Court Records*

██ The substantive aspects of the law guaranteeing public access to court records are fairly well established. "To prevent secrecy in public affairs public policy makes public records and documents available for public inspection by newsmen and members of the general public alike. [Citations.] Statutory exceptions exist [citations], as do judicially created exceptions, generally temporary in nature . . . . Clearly, a court has inherent power to control its own records to protect rights of litigants before it, but 'where there is no contrary statute or countervailing public policy, the right to inspect public records must be freely allowed.' [Citation.] . . . [C]ountervailing public policy might come into play as a result of events that tend to undermine individual security, personal liberty, or private property, or that injure the public or the public good.

"·. . . . . . . . . . . . . . . . . . . . . . . . .

██ ". . . If public court business is conducted in private, it becomes impossible to expose corruption, incompetence, inefficiency, prejudice, and favoritism. For this reason traditional Anglo-American jurisprudence distrusts secrecy in judicial proceedings and favors a policy of maximum public access to proceedings and records of judicial tribunals. Thus in *Shephard* v. *Maxwell* (1966) 384 U.S. 333, 350 [16 L.Ed.2d 600, 613, 86 S.Ct. 1507], the court said it is a vital function of the press to subject the judicial process to 'extensive public scrutiny and criticism.' And the California Supreme Court has said, 'it is first a principle that the people have the right to know what is done in their courts.' [Citation.]" (*Estate of Hearst* (1977) 67 Cal.App.3d 777, 782-784 [136 Cal.Rptr. 821]; accord, *Mary R.* v. *B. & R. Corp.* (1983) 149 Cal.App.3d 308, 317 [196 Cal.Rptr. 871] (*Mary R.*); *Champion* v. *Superior Court* (1988) 201 Cal.App.3d 777, 786-787 [247 Cal.Rptr. 624]; *Church of Scientology* v. *Armstrong* (1991) 232 Cal.App.3d 1060, 1068 [283 Cal.Rptr. 917] (*Armstrong*).)

Thus as we stated in *Mary R., supra,* 149 Cal.App.3d at page 318, footnote 4: "It is doubtful that a trial court could find good cause to seal all court records solely because one party paid money to the other or because the

parties stipulated. An order sealing court records must be made only after consideration of the interests of the parties and the public."

## B.  *Reconsideration of Existing Orders*

■ Once an order sealing a record has been entered and the time in which to bring a direct challenge to it has passed, new considerations arise which require a somewhat different analysis of the competing private and public interests. Although our paramount concern must be to assure public access to public records, we must also recognize that once a lawful order has been entered by a trial court, its power to alter or reconsider that order is, in the interests of bringing finality and reliability to the administration of justice, somewhat constrained. (See, e.g., *Morite of California* v. *Superior Court* (1993) 19 Cal.App.4th 485, 492-493 [23 Cal.Rptr.2d 666] ["By making [Code of Civil Procedure] section 1008 expressly jurisdictional, the Legislature clearly intended to prevent courts from modifying, amending or revoking priors orders without due reconsideration"].) As the court in *Armstrong*, *supra*, 232 Cal.App.3d at page 1069, noted: " 'The power of one judge to vacate an order duly made by another judge is limited. . . . *"Except in the manner prescribed by statute a superior court may not set aside an order regularly made."* ' " (Italics added.)

In *Mary R.* we had occasion to consider the appropriate level of review of an existing confidentiality order. In *Mary R.* a 14-year-old girl alleged that she had been molested by a physician. She sued him and they reached a settlement under which they stipulated to an order which prevented them from discussing the plaintiff's claims with anyone. They also stipulated that the settlement and trial court records in the case would be sealed. Although the Division of Medical Quality of the Board of Medical Quality Assurance (Division) learned about the orders shortly after they were made, it waited for more than a year to intervene in the action and request relief from the orders. The trial court denied Division's request. The trial court reasoned that because of Division's delay, it could not vacate its prior orders without causing substantial prejudice to the parties.

We reversed. We found the doctrine of laches did not apply to governmental agencies attempting to protect the public from harm and that the gag order on the parties was against public policy. (*Mary R., supra*, 149 Cal.App.3d at pp. 316-317.) With respect to the order sealing the trial court's records, we reversed and remanded with directions that the trial court determine whether the private interests of the parties outweighed the public policy of openness and free access to public records. In finding Division's

request to unseal the records was timely, we stated: "Presumably, due to its temporary nature, its infringement upon the public right to know, and thus its similar character to a protective order in a criminal matter, a sealing or confidentiality order in a civil case is always subject to continuing review and modification, if not termination, *upon changed circumstances.* [Citation.]" (*Mary R., supra,* 149 Cal.App.3d at p. 317, italics added.)[3]

■ The requirement of demonstrating new, different or changed circumstances which we applied in *Mary R.* is at the heart of Code of Civil Procedure section 1008. (See Code Civ. Proc., § 1008, subds. (a), (b); *Morite of California* v. *Superior Court, supra,* 19 Cal.App.4th at pp. 491-492; *Mink* v. *Superior Court* (1992) 2 Cal.App.4th 1338, 1342 [4 Cal.Rptr.2d 195]; *Glade* v. *Glade* (1995) 38 Cal.App.4th 1441, 1457 [45 Cal.Rptr.2d 695].) Indeed, in its latest amendments to Code of Civil Procedure section 1008, the Legislature emphasized its intention that no motion to reconsider a previous order, whether it is interim or final, "may be heard unless the motion is based on new or different facts, circumstances, or law." (Stats. 1992, ch. 460, § 1(c).)

Thus, we conclude that a person seeking to vacate a sealing order which is no longer subject to direct review may do so by making a motion under Code of Civil Procedure section 1008, subdivision (a), and showing some new or different fact, circumstance or law justifying vacation of the existing order.[4] (See *Mary R., supra,* 149 Cal.App.3d at p. 317, and *Armstrong, supra,* 232 Cal.App.3d at pp. 1069-1070; see also *Morite of California* v. *Superior Court, supra,* 19 Cal.App.4th at pp. 490-492; Stats. 1992, ch. 460, § 1(c).) The motion must be heard by the trial judge who entered the sealing order (*Armstrong, supra,* 232 Cal.App.3d at p. 1069) and the moving party must present an explanation for the failure to bring such information to the court's attention earlier. (Code Civ. Proc., § 1008, subd. (a).) These requirements

---

[3]In contrast to the result we reached in *Mary R.,* the court in *Armstrong* found that the motion to unseal records in that case was untimely because "[t]he time had long since expired for reconsideration of [the order sealing the records] (Code Civ. Proc., § 1008), or relief therefrom pursuant to Code of Civil Procedure section 473, and the parties had the right to rely on the sealing order." (*Armstrong, supra,* 232 Cal.App.3d at pp. 1069-1070.) At the time *Armstrong* was decided, the 10-day period in which to bring a motion under Code of Civil Procedure section 1008, subdivision (a), commenced when the moving party had "knowledge of the order." In 1992 section 1008, subdivision (a), was amended to provide that the 10-day period begins running when the moving party has been served with the order. (See Stats. 1992, ch. 460, § 4.)

[4]Although not available here because Copley waited almost four years before attempting to vacate the trial court's order, arguably a member of the public might also be able to seek relief under Code of Civil Procedure section 473. (See *Armstrong, supra,* 232 Cal.App.3d at pp. 1069-1070.)

are not unduly burdensome. As we have noted, in most instances a member of the public seeking access to sealed court records will not have been a party to the action in which the order was entered. Thus, most members of the public will have little if any difficulty explaining their failure to act at the time the court was asked to seal the records. Importantly, under Code of Civil Procedure section 1008, subdivision (a), as amended in 1992, the 10-day period in which to bring a motion to reconsider does not commence until service of the order on the moving party.[5]

## C. *Copley's Motion*

■ Although Copley's motion is not labeled as such, given the public interest implicated here we will treat the motion as one brought under Code of Civil Procedure section 1008, subdivision (a). (See *Laguna Village, Inc.* v. *Laborers' Internat. Union of North America* (1983) 35 Cal.3d 174, 182 [197 Cal.Rptr. 99, 672 P.2d 882] [policy favoring resolution of disputes on their merits suggests flexibility rather than adherence to motion and pleading labels].) Copley was not a party to the original proceeding and was not served with a copy of the order sealing the trial court's records. Hence the 10-day period in which to bring a motion had not commenced running at the time Copley made its motion. (Code Civ. Proc., § 1008, subd. (a).)[6]

■ Although on appeal Copley largely ignores its own burden of demonstrating changed circumstances, the record nonetheless discloses that in fact Copley attempted to meet that burden. In particular, Copley asked the trial court for an opportunity to examine the trial court's order sealing the records and the showing the parties made in support of the order. Because under section 1008, subdivision (a), Copley had the burden of showing changed circumstances, disposition of this request was crucial to determination of the merits of Copley's motion. The practical importance of the request was heightened because other than affidavits which stated that SAIC thought documents in the court's file were inaccurate, SAIC did not suggest what, if any, privacy interest would have been implicated by disclosure of the court's file and if such privacy interest was the basis for the court's order. (See *Mary R.*, *supra*, 149 Cal.App.3d at p. 318, fn. 4.) In this regard we note that it may be possible, in some instances, to fully divulge the

---

[5]See footnote 3, *ante.*

[6]Because Copley's motion was filed and heard after the effective date of the 1992 amendments to Code of Civil Procedure section 1008, subdivision (a), Copley's motion was governed by those amendments. (See *Tapia* v. *Superior Court* (1991) 53 Cal.3d 282, 288-289 [279 Cal.Rptr. 592, 807 P.2d 434].)

grounds upon which a sealing order was based without actually disclosing the information a party may have a legitimate interest in keeping confidential. (See *Champion* v. *Superior Court, supra*, 201 Cal.App.3d at pp. 788-789.) In short, without some access to the grounds upon which the initial order was sought and granted, Copley faced a significant obstacle in meeting its burden of showing new or changed circumstances.

Unfortunately, as we have noted, the trial court did not rule on Copley's request for access to the prior order and supporting documents but instead simply denied the motion to unseal its records. Because the information it requested was critical to meeting its burden under Code of Civil Procedure section 1008, subdivision (a), Copley was entitled to a ruling on the request and an opportunity to seek review of the ruling in this court. Thus we reverse the trial court's order and remand so that Copley has an opportunity to obtain a ruling with respect to access to the earlier order and supporting papers.

In determining this important subsidiary issue, if no objection is interposed by one of the settling parties, the trial court may simply release the earlier order and any supporting papers unconditionally. However, if a party protected by the sealing order does not wish to have any portions of a sealed record disclosed, the trial court should then review the documents in question in camera. Following such review, the trial court should determine whether, consistent with the legitimate interests of the parties to the original proceeding and the legitimate interests of the moving party, those records may be released fully, partially, with conditions designed to protect confidential information, or not released at all. The trial court's determination on this subsidiary issue will of course be subject to review by way of extraordinary writ or on appeal from any disposition of the motion to unseal the records.

Following resolution of Copley's request for access to the papers filed in support of the initial order, Copley will then have the burden of demonstrating new or changed circumstances which justify vacation of that order.[7]

Finally, we note Copley's motion under Code of Civil Procedure section 1008, subdivision (a), must be heard by the same judge, the Honorable Vincent P. Di Figlia, who entered the order sealing the court's records.

---

[7]We recognize, as Copley suggests, the possibility that the papers filed by the parties and the sealing order signed by the trial court will not set forth the grounds upon which the sealing order was entered. Such a circumstance, if borne out by inspection of the trial court's file, will neither foreclose relief under Code of Civil Procedure section 1008, subdivision (a), nor relieve Copley of its burden of demonstrating new or changed circumstances. Rather, Copley, from the record available to it and subject to rebuttal argument and evidence presented to SAIC, may present its view of the reasons the initial order was entered and why those reasons are no longer valid.

### Disposition

The order appealed from is reversed and remanded for further proceedings consistent with the views expressed herein.

Appellant to recover its cost of appeal.

Huffman, J., and McIntyre, J., concurred.