Opinion
 

 NARES, J.
 

 The Copley Press, Inc. (Press) seeks access to sealed court records to learn the amount of a settlement reached between the insurer for Poway Unified School District (District) and a minor student who was sexually assaulted at school. The superior court denied Press’s motion to unseal the records, finding the student’s privacy rights outweigh the public’s right of access to court records and public school matters. Press petitions for a writ of mandate, contending the student has no privacy interest in the settlement amount and the public’s right of access is paramount. We decide as a matter of law no compelling reason exists to seal the record and grant the petition.
 

 Factual and Procedural Background
 

 Fifteen-year-old M.P.R. (the student)
 
 [1]
 
 was sexually assaulted with a broomstick by three baseball teammates on the Rancho Bernardo High School campus in March 1997. Press published articles on the assailants’ wardship proceedings
 
 [2]
 
 in which the juvenile court found the school had a “culture [of] raping-type activity . . . known of by the coaching staff and thought to be acceptable . . . conduct by student athletes because the coaching staff never challenged this conduct.”
 
 [3]
 
 Although the assailants’ and
 
 *371
 
 the student’s names were disclosed in the wardship proceedings,
 
 [4]
 
 Press did not publish their names under its policy not to identify victims of sexual assault or minors charged with crimes.
 

 The student did not file a claim against District. Rather, his attorney wrote District offering to resolve District’s liability “if possible, in a confidential way.” In September 1997, Press reported District and the student’s attorney held a news conference announcing the fact of settlement without disclosing its terms.
 

 Press requested District provide it with access to “all records relating to the settlement” under the Public Records Act (Gov. Code, § 6250 et seq.) and the Ralph M. Brown Act (Gov. Code, § 54950 et seq.).
 
 [5]
 
 District responded it had no documents. It explained it is a member of the Joint Powers Authority of the San Diego County Office of Education and had paid its $10,000 deductible toward defense and settlement. District said the joint powers authority paid $90,000 and “[w]hen it appeared that any potential settlement would exceed the self-insured retention, the claim was tendered to [its carrier].” District said the carrier accepted the tender and reached a settlement. The superior court approved the settlement in a petition for minor’s compromise (Prob. Code, § 3500) and sealed the file.
 

 Press
 
 [6]
 
 moved in superior court to unseal the court file as a public record, citing federal and state constitutional grounds and the Public Records Act. District and the student opposed the motion, arguing the Public Records Act does not apply to judicial records and the student’s privacy rights outweigh the public’s right of access to court files. District and the student emphasized the “financial information contained in the settlement documents is the only information contained in the sealed file which [the student] seeks to keep confidential.” They surmised “some people will make sick jokes and rude
 
 *372
 
 comments about this despicable act of rape, when it is coupled with the value of the settlement.” The student’s treating psychiatrist declared the student was further victimized and subjected to ridicule by published accounts of the assault and would suffer more harm if the settlement amount were disclosed. District and the student suggested the record remain sealed until he graduates from high school or reaches the age of majority.
 

 In reply, Press conceded the Public Records Act does not apply to court records but argued District could not hide behind the joint powers authority or its carrier to investigate and settle the student’s claim. Press asserted the public was entitled to know the amount of money paid in settlement because it reflected District’s culpability and no compelling interest existed to seal the file.
 

 At the hearing on November 21, the court declined to unseal the file, finding the student’s right to complete his high school education in the county and to participate in school athletics, along with his right of privacy about the “sexual nature of the attack,” outweighed the right of public access to the court records. The court determined the settlement was made between the student and a private insurer
 
 [7]
 
 and “it does not appear secret amounts of public money are involved.” It said there was no showing District was required to reimburse the insurer and the public knew the amount District paid in premiums and the amount contributed by the joint powers authority. The court indicated the sealing order would expire upon the student’s graduation or majority, whichever occurs later. It denied Press’s request for any documents which might exist supporting the sealing order, stating, “I’m not sure I understand what you want, because you’ve got everything the court’s going to give you.” The court indicated there was no stipulation to seal
 
 [8]
 
 , rather the decision was “a matter of this court’s independent obligation to the minor to do what’s fair to the minor.” It denied Press’s request for attorney fees under Government Code section 6259. This petition followed. We issued an order to show cause and calendared argument. We have taken judicial notice of the superior court file. (Evid. Code, § 459.)
 

 
 *373
 
 Discussion
 

 Overview
 

 Public policy requires public records and documents to be available for public inspection to prevent secrecy in public affairs.
 
 (Craemer
 
 v.
 
 Superior Court
 
 (1968) 265 Cal.App.2d 216, 222 [71 Cal.Rptr. 193].) “[W]here there is no contrary statute or countervailing public policy, the right to inspect public records must be freely allowed.”
 
 (Ibid.)
 

 “[I]t is a first principle that the people have the right to know what is done in their courts.”
 
 (In re Shortridge
 
 (1893) 99 Cal. 526, 530 [34 P. 227].) The public has a legitimate interest in access to court documents because “[i]f public court business is conducted in private, it becomes impossible to expose corruption, incompetence, inefficiency, prejudice, and favoritism.”
 
 (Estate of Hearst
 
 (1977) 67 Cal.App.3d
 
 777,
 
 784 [136 Cal.Rptr. 821].)
 

 Although there is no specific statutory requirement for access to court documents, both the federal (U.S. Const., 1st Amend.) and the state (Cal. Const., art. I, § 2, subd. (a)) Constitutions provide broad access rights to judicial records in criminal and civil cases.
 
 (Copley Press, Inc.
 
 v.
 
 Superior Court
 
 (1992) 6 Cal.App.4th 106, 111 [7 Cal.Rptr.2d 841].) “A trial is a public event. What transpires in the court room is public property. . . . There is no special perquisite of the judiciary which enables it, as distinguished from other institutions of democratic government, to suppress, edit, or censor events which transpire [in] proceedings before it.”
 
 (Craig
 
 v.
 
 Harney
 
 (1947) 331 U.S. 367, 374 [67 S.Ct. 1249, 1254, 91 L.Ed. 1546].)
 

 Court records are available to the public in general, including news reporters, unless a specific exception makes specific records nonpublic.
 
 (Estate of Hearst, supra,
 
 67 Cal.App.3d
 
 777,
 
 782.) Statutory exemptions to disclosure of court records exist,
 
 [9]
 
 as do judicially created exceptions, generally temporary in nature.
 
 (Id.
 
 at p. 783.)
 

 “The court. . . [possesses] limited power, exercisable under exceptional circumstances and on a showing of good cause, to restrict public access to portions of court records on a temporary basis.”
 
 (Estate of Hearst, supra,
 
 67 Cal.App.3d
 
 777,
 
 784-785.) Policy reasons to restrict access are “anything which tends to undermine that sense of security for individual rights, whether of personal liberty or private property, which any citizen ought to feel has a tendency to be injurious to the public or the public good.”
 
 (Craemer
 
 v.
 
 Superior Court, supra,
 
 265 Cal.App.2d 216, 222.)
 

 
 *374
 
 Rule 11.6 of the Coordinated Rules of the Superior and Municipal Courts of San Diego County expresses the policy “that confidentiality agreements and protective orders are disfavored and should be recognized and approved by the court only when there is a genuine trade secret or privilege to be protected. [¶] Such agreements will not be recognized or approved by the court absent a particularized showing (document by document) that secrecy is in the public interest, the proponent has a cognizable interest in the material; (e.g., the material contains trade secrets, privileged information, or is otherwise protected by law from disclosure), and that disclosure would cause serious harm.”
 

 The burden rests on the party seeking to deny public access to court records to establish compelling reasons why and to what extent the records should be made private.
 
 (Estate of Hearst, supra,
 
 67 Cal.App.3d
 
 777,
 
 785.) Where the relief extends to sealing permanent court records, the court must be careful to limit its denial of access by narrow and well-defined orders.
 
 (Id.
 
 at p. 785.) Due to its temporary nature and its infringement upon the public right to know, a sealing order in a civil case is always subject to continuing review and modification, if not termination, upon changed circumstances.
 
 (Mary R.
 
 v.
 
 B. & R. Corp.
 
 (1983) 149 Cal.App.3d 308, 317 [196 Cal.Rptr. 871].)
 

 Standard of Review
 

 District argues Press failed to show any change of circumstance requiring the trial court to reconsider and modify its sealing order. Thus District contends the order denying Press’s motion should be reviewed only for abuse of discretion.
 

 Press argues it demonstrated changed circumstances because it obtained the wardship hearing transcripts and District claim forms which revealed the facts of the crime, undercutting the student’s alleged privacy interest and injury in protecting only the amount of the settlement. Press also disagrees the court adequately considered the law on sealing court records and settlements with public agencies at the time it sealed the record and asserts the order should be reviewed de novo because of First Amendment concerns.
 

 To show a change of circumstance here is a catch-22. The circumstances at the time of sealing were unknown to Press precisely because the entire record is sealed. Press’s request for “supporting records” underlying the
 
 *375
 
 sealing order,
 
 [10]
 
 if they existed, was denied. Press cannot be faulted if it could not show a change of circumstance where the original order was made on an uncontested issue without “compelling reasons” articulated. The superior court file contains nothing on sealing the record other than the minute order which states “[a]t the direction of Judge Hollywood case ordered sealed.” The proceeding was not reported. The court’s later statement it considered the public’s interest at the time it sealed the record is not reflected in the record.
 

 Whether the student has a right greater than the public’s right of access does not turn on conflicting evidence. The parties acknowledge all facts concerning the assault, including the identities of those involved, have been publicly divulged and Press does not dispute the psychiatrist’s opinion the student might suffer further harm if the amount is publicly disclosed.
 

 Where the facts are undisputed, the ultimate conclusion to be drawn from such facts is a question of law.
 
 (Board of Education
 
 v.
 
 Jack M.
 
 (1977) 19 Cal.3d 691, 698, fn. 3 [139 Cal.Rptr. 700, 566 P.2d 602].) The decision whether the court record was properly sealed is a question of law because “. . . the inquiry requires a critical consideration, in a factual context, of legal principles and their underlying values . . . .”
 
 (Crocker National Bank
 
 v.
 
 City and County of San Francisco
 
 (1989) 49 Cal.3d 881, 888 [264 Cal.Rptr. 139, 782 P.2d 278].) Moreover, decisions in cases claiming First Amendment rights are reviewed de novo.
 
 (Berry
 
 v.
 
 City of Santa Barbara
 
 (1995) 40 Cal.App.4th 1075, 1082 [47 Cal.Rptr.2d 661].) Accordingly we independently review the order.
 

 Sealing
 

 Press contends the student’s privacy interest in the amount cannot outweigh the public’s right to know every detail about criminal activity at District’s schools. It argues the amount of the settlement will allow the public to “evaluate the District’s knowledge of, and response to, these egregious [crimes]” and District should not be allowed to hide behind its agents to shield public scrutiny of claims and settlements. Press claims disclosure is necessary to ensure District’s accountability.
 

 District responds the sealing order was properly tailored to protect the student during his minority because it will “permit him to continue his education without any exacerbation of his mental suffering.” It argues
 
 *376
 
 “[t]here is no doubt that if the details of the settlement become public, [the student] . . . will have to live with re-living the crime against him, through ridicule from his peers.”
 

 We are sympathetic to the student’s situation as a young crime victim. However, we find no authority that the amount of money a person receives in judgment or court-approved settlement as the result of tortious conduct is confidential. The fact of a damage award, whatever size, is not in itself a private fact deserving protection and secrecy in public education is not in the public interest. The settlement amount is not a trade secret, within a privilege, or likely to place anyone in “clear and present danger of attack.” (See
 
 Estate of Hearst, supra,
 
 67 Cal.App.3d
 
 777,
 
 784-785.) Nor is the amount itself the cause of the student’s “mental anguish.” Although a court is not powerless to seal portions of its records to protect litigants, it may do so only in exceptional circumstances upon a showing of compelling reasons. The student has not shown his interest in sealing the amount of the settlement, even temporarily, outweighs the public right of access to court records.
 

 Probate proceedings, including a petition for minor’s compromise, are not closed proceedings. No statute exempts probate files from the status of public records.
 
 (Estate of Hearst, supra,
 
 67 Cal.App.3d
 
 777,
 
 783.) As explained in
 
 Hearst
 
 in the context of a testamentary trust, “when individuals employ the public powers of state courts to accomplish private ends . . . they do so in full knowledge of the possibly disadvantageous circumstance that the documents and records filed . . . will be open to public inspection.”
 
 (Ibid.)
 

 Here, the student and District sought judicial approval and protection for settling the student’s negligence claim against District. Interposition of a joint powers authority or excess carrier does not make the claim private and District’s counsel approved the settlement. Moreover, the public has a legitimate interest in knowing how public funds are spent and how claims (formal or informal) against public entities are settled. (See
 
 Register Div. of Freedom Newspapers, Inc.
 
 v.
 
 County of Orange
 
 (1984) 158 Cal.App.3d 893, 909 [205 Cal.Rptr. 92].) On this record, no compelling reason exists to conceal the agreed-upon amount from the public when weighed against the public’s right to know what transpires in both public schools and state courts. Revealing the amount will not undermine the student’s rights nor injure the public good and there is no applicable constitutional protection. Accordingly, we grant the petition.
 

 Disposition
 

 Let a writ of mandate issue directing the superior court to vacate its order denying the motion to unseal the court record and enter a new order granting
 
 *377
 
 the motion. Press is awarded costs on the original proceeding. (Cal. Rules of Court, rule 56.4.)
 

 Kremer, P. J., and Huffman, J., concurred.
 

 The petition of real part in interest Poway Unified School District for review by the Supreme Court was denied My 29, 1998. Kennard, J., was of the opinion that the petition should be granted.
 

 [1]
 

 We omit the minor’s nanu. in this decision in accordance with California Style Manual (3d ed. 1986) sections 214 and 246. (See
 
 KGTV Channel 10
 
 v.
 
 Superior Court
 
 (1994) 26 Cal.App.4th 1673, 1677, fn. 2 [32 Cal.Rptr.2d 181].)
 

 [2]
 

 Welfare and Institutions Code section 650 et seq.
 

 [3]
 

 District objects to juvenile court documents submitted under seal by Press. Those documents were lodged without objection in the trial court and are properly a part of this record. One defendant pleaded guilty to sexual penetration with a foreign object. (Pen. Code, § 289, subd. (a).) The-remaining defendants pleaded guilty to assault by force likely to lead to great bodily injury. (Pen. Code, § 245, subd. (a).)
 

 [4]
 

 Welfare and Institutions Code section 676 provides the public shall be admitted to hearings concerning wardship proceedings for enumerated offenses, including aggravated sex crimes, subject to exclusion at the request of the victim or during the victim’s testimony. The name of the minor found to have committed one of the enumerated offenses is not confidential unless the court finds good cause. (Welf. & Inst. Code, § 676, subds. (b)(2), (c).) (See
 
 KGTV Channel 10
 
 v.
 
 Superior Court, supra,
 
 26 Cal.App.4th 1673, 1678-1679.)
 

 [5]
 

 Press also requested copies of all claims filed against District between March 20 and July 18, 1997. After District refused to provide open claims, Press successfully petitioned for a writ of mandate in superior court. We denied District’s petition for a writ of mandate by published opinion.
 
 (Poway Unified School Dist.
 
 v.
 
 Superior Court
 
 (1998) 62 Cal.App.4th 1496 [73 Cal.Rptr.2d 777].)
 

 [6]
 

 Press also filed a petition for writ of mandate and complaint for declaratory and injunctive relief for violation of the California Public Records Act. South Coast Newspapers, Inc., which also unsuccessfully sought records from District on the settlement, joined in the motion and petition. South Coast Newspapers, Inc., is not a party to the petition here.
 

 [7]
 

 The release of claims contained in the superior court file states it is “entered into, by and between claimant . . . , Defendant Poway Unified School District and Insurer Fireman’s Fund” and is signed by District’s attorney.
 

 [8]
 

 The petition filed in superior court contains a clause “[t]hat the parties to this settlement maintain confidentiality of this agreement unless petitioner is required to disclose said terms for tax purposes or other legal proceedings relating to the individuals and parents of those persons who assaulted [the student] and in that event petitioner will obtain from any non-governmental entity or person a confidentiality agreement from said persons or their representatives before disclosing the settlement sum.” It was executed by the student’s guardian ad litem, his attorney and District’s attorney.
 

 [9]
 

 See Government Code section 6254 for exemptions.
 

 [10]
 

 Press relied upon
 
 Wilson
 
 v.
 
 Science Applications Internat. Corp.
 
 (1997) 52 Cal.App.4th 1025 [60 Cal.Rptr.2d 883], to request to see the order sealing the record and what showing the parties made in support of that order.