Filed 2/6/15

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| TODD McNAIR, | B245475 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC462891) |
| v. | |
| NATIONAL COLLEGIATE ATHLETIC ASSOCIATION, | |
| Defendant and Appellant. | |

MOTION to seal records on Appeal.  Denied.

Loeb & Loeb, Michael L. Mallow, Laura A. Wytsma and Meredith J. Siller for Defendant and Appellant.

Greene, Broillet & Wheeler, Bruce A. Broillet, Scott H. Carr; Esner, Chang & Boyer and Stuart B. Esner for Plaintiff and Respondent.

INTRODUCTION

The National Collegiate Athletic Association (the NCAA) unsuccessfully moved the trial court to seal 400 pages of the record in a lawsuit brought against it by plaintiff, Todd McNair, a former assistant football coach at the University of Southern California (USC). The NCAA specially moved to strike plaintiff's complaint on the ground the action was a strategic lawsuit against public participation (Code Civ. Proc., § 425.16),[1] and moved the trial court to seal certain records. Although the trial court denied the NCAA's motion to seal, it conditionally sealed the documents at issue pending appellate review. In connection with its appeal from the denial of its special motion to strike, the NCAA moved this court to seal the same documents lodged as part of the appellate record. We do not decide the substantive merits of the appeal; we address only the interim motion to seal.

Recognizing the public's First Amendment right of access to documents used at trial or as a basis of adjudication and a presumption of openness of substantive court proceedings in ordinary cases, our Supreme Court in *NBC Subsidiary (KNBC–TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178 (*NBC Subsidiary*) set forth the findings that both the trial and appellate courts must expressly make to seal a record. (*Id*. at pp. 1200, 1208-1209, fn. 25 & 1217.) Courts must find that (1) there is an overriding interest supporting sealing records; (2) there is a substantial probability that the interest will be prejudiced absent sealing; (3) the proposed sealing is narrowly tailored to serve the overriding interest; and (4) there is no less restrictive means of achieving the overriding interest. (*Id*. at pp. 1217-1218.) We conclude the NCAA failed to carry its burden to demonstrate that its interest in the confidentiality of its enforcement proceedings overrides the constitutional right of access and the presumption of openness, or how this interest in confidentiality would be prejudiced if the documents at issue were disclosed. Therefore, we deny the NCAA's motion to seal the appellate record lodged conditionally under seal.

---

[1]     All further statutory references are to the Code of Civil Procedure.

2

FACTUAL AND PROCEDURAL BACKGROUND

The NCAA is a private, voluntary organization composed of approximately 1200 colleges, universities, and other educational institutions throughout the United States. Its purpose is " 'to maintain intercollegiate athletics as an integral part of the educational program and the athlete as an integral part of the student body, and by so doing, retain a clear line of demarcation between college athletics and professional sports.' " Toward that end, the NCAA adopted a constitution, bylaws, and regulations. One of the ways it accomplishes its purpose is by enforcing its rules and regulations. Member institutions, their employees, student athletes, and alumni agree to comply with the rules and regulations and to submit to the NCAA's rule-enforcement process. Because the NCAA does not have subpoena power, however, the enforcement staff relies on the cooperation of witnesses.

In connection with its investigation into whether former USC running back Reggie Bush had received improper benefits while a student, the NCAA interviewed plaintiff and others. The NCAA then issued its Committee on Infractions' (COI) final report.

Plaintiff filed his complaint against the NCAA for damages for breach of contract, defamation, and other torts. The NCAA countered with a special motion to strike arguing that plaintiff's lawsuit should be dismissed as a strategic lawsuit against public participation. (§ 425.16.)

Plaintiff applied to lift the automatic stay of discovery imposed as the result of the NCAA's special motion to strike (§ 425.16, subd. (g)). He sought to take the depositions of the lead investigator, COI chairman, and COI director, and obtain copies of transcripts from the COI and Appeals Committee hearings, the entire investigative file, and drafts of the COI Report, including all notes, and other writings discussing or referring to the drafts, and e-mails within the custody and control of the NCAA, by or to members of the COI or Appeals Committee staff that mentioned or related to plaintiff.

The trial court granted plaintiff's motion, subject to a protective order and the court's supervision, determining that plaintiff had made a showing of good cause for the

discovery.  (§ 425.16, subd. (g).)  The NCAA unsuccessfully challenged the discovery order in a petition for writ of mandate and then produced the enumerated documents.

After the parties signed the protective order, the NCAA moved the trial court to seal unredacted versions of plaintiff's opposition to the NCAA's special motion to strike, his memorandum of points and authorities in support thereof, the declarations of plaintiff and his counsel, and specified exhibits attached thereto, including (1) the COI Report, (2) the NCAA case summary provided to the COI, (3)  memoranda drafted by members of the COI concerning the allegations, (4) excerpts of witness interviews, (5) telephone records, (6) the notice of allegations, (7) excerpts of the deposition testimony of NCAA officials describing the NCAA's investigative and adjudicative process, (8) e-mails between COI members while adjudicating the allegations, (9) excerpts of the COI hearing transcripts, (10) plaintiff's response to the notice of allegations, and (11) his appeal to the NCAA's Appeals Committee.  The NCAA argued that its bylaws require it to keep its investigations strictly confidential.  NCAA investigators rely on confidential sources for much of the information they gather, and promise confidentiality to witnesses to obtain needed facts.  If the requested documents were not sealed, it argued, its enforcement proceedings would be made public, thereby prejudicing its enforcement abilities and embarrassing witnesses who had relied on confidentiality.  The parties lodged the relevant documents conditionally under seal.

The trial court ruled that the NCAA failed to make a sufficient factual showing to seal the documents.  Thus, the court denied the NCAA's motion to seal but stayed enforcement of its ruling and ordered the documents at issue to remain conditionally lodged under seal pending appellate review.

After it filed its notice of appeal from the denial of its special motion to strike, the NCAA moved this court to seal the portion of the appellate record that had been

4

conditionally sealed in the trial court.  We ordered the enumerated documents in the record on appeal conditionally sealed pending resolution of this motion.[2]

DISCUSSION

a. *In California, court records are presumed to be open*.

"The public has a First Amendment right of access to civil litigation documents filed in court and used at trial or submitted as a basis for adjudication.  [Citation.] Substantive courtroom proceedings in ordinary civil cases, and the transcripts and records pertaining to these proceedings, are ' "presumptively open." ' [Citation.]" (*Savaglio v. Wal-Mart Stores, Inc*. (2007) 149 Cal.App.4th 588, 596-597.)  As *NBC Subsidiary* explained, "the public has an interest, in *all* civil cases, in observing and assessing the performance of its public judicial system, and that interest strongly supports a general right of access in ordinary civil cases." (*NBC Subsidiary*, *supra*, 20 Cal.4th at p. 1210.) " 'If public court business is conducted in private, it becomes impossible to expose corruption, incompetence, inefficiency, prejudice, and favoritism.  For this reason traditional Anglo-American jurisprudence distrusts secrecy in judicial proceedings and favors a policy of maximum public access to proceedings and records of judicial tribunals.' [Citation.]" (*Id*. at p. 1211, fn. 28, quoting from *Estate of Hearst* (1977) 67 Cal.App.3d 777, 784.)

Openness is a presumption; it is not an absolute.  The "presumption of openness can be overcome upon a proper showing" compatible with the constitutional standards. (*NBC Subsidiary*, *supra,* 20 Cal.4th at p. 1211.)  Accordingly, as explained, before a trial court may order a record to be sealed, it must hold a hearing and expressly make findings that (1) there is an overriding interest supporting sealing of the records; (2) there is a substantial probability that the interest will be prejudiced absent sealing; (3) the sealing

---

[2]    We granted Interveners/Non-party press representatives, the New York Times Company and Los Angeles Times Communications LLC, permission to present oral argument limited to the issue of Interveners' opposition to the NCAA's motion to seal the appellate record.

5

order is narrowly tailored to serve the overriding interest; and (4) there is no less restrictive means of meeting that interest. (*Id*. at pp. 1217-1218.)

These constitutionally required findings are embodied in the California Rules of Court.[3] Rules 2.550 through 2.551 apply to the trial court. A record may not be sealed without a court order. (Rule 2.551(a).) The party seeking to have a record filed under seal must lodge it with the court, which will hold it "conditionally under seal" pending decision on the motion. (Rules 2.550(b)(3) [a lodged record "is a record that is temporarily placed or deposited with the court, but not filed"]; 2.551(b)(4) & *H.B. Fuller Co. v. Doe* (2007) 151 Cal.App.4th 879, 888.) The trial court may order that a record be filed under seal "*only*" if it makes *NBC Subsidiary's* enumerated findings expressly. (Rule 2.550(d), italics added.) If the court denies the motion to seal the record, the court "must not place it in the case file unless [the moving] party notifies the clerk in writing within 10 days . . . that the record is to be filed." (Rule 2.551(b)(6).)

As the trial court did not grant the NCAA's motion to seal below, the record was not filed in that court. (Rule 2.551(b)(6).) "A record not filed in the trial court may be filed under seal in the reviewing court only by order of the reviewing court; it must not be filed under seal solely by stipulation or agreement of the parties." (Rule 8.46(d)(1).) This matter is not an appeal from the trial court's order denying a motion to seal. Rather, the matter comes to us on a motion by the NCAA to seal the record in this court. The NCAA's motion asked this court to determine whether certain aspects of our records should be sealed, or whether they should be open to the public. (*H.B. Fuller Co. v. Doe, supra,* 151 Cal.App.4th at p. 889.) As the party seeking an order sealing appellate court records, the NCAA has the burden to "justify the sealing." (Rule 8.46(d)(2).) When "we are concerned only with whether records in our own files should be sealed" (*H.B. Fuller Co. v. Doe, supra*, at p. 890), we must make our own findings pursuant to rule 2.550(d)-

---

[3] All references to any rule will be to the California Rules of Court.

6

(e).  (Rules 8.45(a) & 8.46(d)(6).)[4]  We are required to broadly construe a court rule "if it furthers the people's right of access" and to narrowly construe the court rule "if it limits the right of access."  (Cal. Const., art. I, § 3, subd. (b)(2).)  If this court denies the sealing motion, the conditionally lodged documents must be returned to the moving party by this court's clerk.  (Rule 8.46(d)(7) & (f)(3)(D).)[5]

b.  *The NCAA failed to carry its burden to show an overriding interest justifying a sealing order*.

Turning to the first of the *NBC Subsidiary* findings, in footnote 46 *NBC Subsidiary* listed examples of various interests that courts have identified as potentially constituting an overriding interest to justify closure of courtroom proceedings and by inference sealing otherwise open court documents.  They include an accused's interest in a fair trial; a civil litigant's right to a fair trial; protection of minor victims of sex crimes from further trauma and embarrassment; privacy interests of a prospective juror during individual voir dire; protection of witnesses from embarrassment or intimidation so extreme that it would traumatize them or render them unable to testify; protection of trade secrets; protection of information within the attorney-client privilege; enforcement of binding contractual obligations not to disclose; safeguarding national security; ensuring the anonymity of juvenile offenders in juvenile court; ensuring the fair administration of justice; and preservation of confidential investigative information.  (*NBC Subsidiary*, *supra*, 20 Cal.4th at p. 1222, fn. 46.)

---

[4]     Rule 8.46 requires, in relevant part, "A record not filed in the trial court may be filed under seal in the reviewing court only by order of the reviewing court" (rule 8.46(d)(1)) and "the [appellate] court may order a record filed under seal only if it makes the findings required by rule 2.550(d)-(e)."  (Rule 8.46(d)(6).)

[5]     Rule 8.46(f) reads in relevant part, "Nothing filed publicly in the reviewing court . . . may disclose material contained in a record that is sealed, lodged conditionally under seal, or otherwise subject to a pending motion to file under seal."
(Rule 8.46(f)(1).)  "If the [appellate] court denies the motion or application to seal the record, the clerk must not place the unredacted version . . . in the case file but must return it to the party who filed the application or motion to seal unless that party notifies the clerk that the record is to be publicly filed, as provided in (d)(7)."  (Rule 8.46(f)(3)(D).)

The NCAA contends its interest in the confidentiality of its enforcement proceedings overrides the public right of access to documents used as a basis for adjudication. It argues that enforcement is key to assuring some of its basic principles of promoting amateurism and protecting student athletes from exploitation. Confidentiality is an essential enforcement tool, the NCAA argues, as it lacks the power to subpoena. Assurances of confidentiality are critical to obtaining the cooperation of witnesses and the voluntary testimony of institutional representatives, coaches, and athletes. The NCAA cites its bylaws and contractual agreements as overriding interests. As shall be explained, these do not satisfy the *NBC Subsidiary* test.

1. *No overriding interest based on the NCAA's bylaws*

The NCAA argues its bylaws requiring confidentiality justify a sealing order. Plaintiff and the witnesses interviewed in connection with the USC enforcement proceeding all signed confidentiality statements.[6]

The first bylaw the NCAA cites is section 32.1.1, which reads, "The Committee on Infractions, the Infractions Appeals Committee and the enforcement staff shall treat all cases before them as confidential *until they have been announced* in accordance with the proscribed procedures. In addition, an institution and any individual subject to NCAA rules involved in a case shall treat that case under inquiry by the enforcement staff as confidential *until the case has been announced* in accordance with prescribed procedures." (Italics added.) This bylaw makes confidentiality ephemeral; it only lasts "until the case has been announced." The announcement has already been made and so bylaw 32.1.1 does not elevate the NCAA's asserted need for confidentiality during the enforcement proceeding to the status of an overriding interest now. Nor is our conclusion

---

[6] In its reply, the NCAA argues at length that plaintiff, who did not actively oppose the motion to seal in the trial court, and who signed a confidentiality statement, forfeited the right to oppose the motion to seal on appeal. The argument is unavailing. Regardless of plaintiff's position, the burden remains with the NCAA as the party advocating a sealing order. (Rule 8.46(d)(2).) We have an independent obligation to review the NCAA's motion and to make express findings before we may grant a motion to seal an appellate record. (Rule 8.46(d)(6), citing rule 2.550(d)-(e).)

altered by the fact that the NCAA's reports only identify witnesses by position or classification, and not by name when a case is announced. As Interveners observe, the public already knows that plaintiff is the "assistant coach" named in the COI and most of the witnesses' names are already known.

The second bylaw the NCAA cites is 32.3.9, which involves the interview record. Thereunder, copies of recorded interviews and unrecorded interview summaries and any report prepared by the enforcement staff are designated as confidential and may only be provided to interviewees as set forth in the bylaws. (Bylaws 32.3.9.1.1 & 32.3.9.2.1.)[7] Under bylaw 32.3.9.1.4,[8] individuals and institutions are required to sign a statement of confidentiality and agree not to release transcripts to a third party. Those failing to sign such an agreement may not record or transcribe the interview.

Bylaws 32.3.9 and 32.3.9.1.4 do not justify sealing all of the documents the NCAA seeks to keep confidential. Some of the information identified in bylaw 32.3.9 was disclosed by the NCAA itself in the COI report, which discusses witness testimony. Nor does this bylaw encompass many of the documents at issue in the NCAA's motion to seal -- such as emails and other communications between committee members, case summaries, memoranda drafted by COI members; deposition transcripts describing the investigative and adjudicative process; transcripts of the COI hearings; and plaintiff's appeal to the NCAA Appeals Committee – many of which documents do not involve

---

[7]    Bylaw 32.3.9.1.1 states: "Copies of recorded interview summaries and any report prepared by the enforcement staff are confidential and shall only be provided to interviewees (and their institutions) as set forth [in the bylaws]." Bylaw 32.3.9.2.1 reads: "Copies of nonrecorded interview summaries and any report prepared by the enforcement staff are confidential and shall not be provided to individuals (or their institutions) who may be involved in reporting information during the processing of an infractions case except as set forth [in the bylaws]."

[8]    Bylaw 32.3.9.1.4 reads, "Individuals and institutional representatives shall be required to agree not to release recordings or interview transcripts to a third party. A statement of confidentiality shall be signed or recorded prior to an interview. Failure to enter into such an agreement would preclude the individual or institutional representative from recording or transcribing the interview."

9

witnesses whose cooperation the NCAA seeks to encourage with a promise of confidentiality. There is no connection between these internal documents and the NCAA's promises of confidentiality to third party witnesses. For its part, bylaw 32.3.9.1.4 clearly applies only to interviewees and their institutional representatives, and does not bind the courts. In short, one bylaw the NCAA cites as its overriding interest in confidentiality is temporally limited, and the other bylaws are restricted to witnesses, institutional representatives, and reports of witness interviews. None of the bylaws relied on by the NCAA provides the one-size-fits-all cloak of confidentiality it seeks here.

Once parties file documents in court for adjudication in ordinary civil cases, the records become public. (*NBC Subsidiary*, *supra*, 20 Cal.4th at p. 1211.) Documents may be sealed under the Rules of Court only upon a proper showing of *NBC Subsidiary*'s four factors. But, the NCAA cannot make the showing of an overriding interest to justify sealing merely because its internal bylaws say so by designating certain documents as confidential.

2. *No overriding interest based on contractual agreement for confidentiality*

The NCAA also argues that a contractual agreement to treat cases as confidential "should be recognized as an overriding interest." The NCAA relies on *Universal City Studios, Inc. v. Superior Court* (2003) 110 Cal.App.4th 1273 (*Universal*), where the petitioner argued that a contractual obligation not to disclose could give rise to a right to seal a settlement agreement containing a confidentiality clause. In rejecting this argument, *Universal* discussed *Publicker Industries, Inc. v. Cohen* (3d Cir. 1984) 733 F.2d 1059, a Third Circuit case referred to in *NBC Subsidiary*'s footnote 46 for the proposition that an overriding interest may be present when there is a contractual obligation not to disclose the contents of documents.

*Universal* concluded, however, that "more than a mere agreement of the parties to seal documents filed in a public courtroom" is needed. (*Universal*, *supra*, 110 Cal.App.4th at p. 1281.) There must be "a specific showing of serious injury. [Citations.]" (*Id*. at p. 1282.) "[S]pecificity is essential. [Citation.] Broad allegations of harm, bereft of specific examples or articulated reasoning, are insufficient.' [Citation.]

10

We have been unable to find any appellate court decision which construes *Publicker* to permit sealing of court documents merely upon the agreement of the parties without a specific showing of serious injury." (*Ibid.*; accord, *Huffy Corp. v. Superior Court* (2003) 112 Cal.App.4th 97, 106.) Rules of Court, rule 8.46(d)(1) expressly states that a record "must not be filed under seal solely by stipulation or agreement of the parties." Thus, the mere agreement of the parties alone is insufficient to constitute an overriding interest to justify sealing the documents.

3. *No privilege from disclosure*

In essence, the NCAA's argument is that its insistence on a confidential investigative process endows it with a privilege which would be akin to an overriding interest. However, the California Legislature has abolished common law privileges and precluded courts from creating new nonstatutory privileges as a matter of judicial policy. (*Roman Catholic Archbishop of Los Angeles v. Superior Court* (2005) 131 Cal.App.4th 417, 441, citing Evid. Code, § 911.) " 'Thus, unless a privilege is expressly or impliedly based on statute, its existence may be found only if required by constitutional principles, state or federal.' [Citation.]" (*Roman Catholic Archbishop of Los Angeles v. Superior Court,* at p. 441.) The NCAA has pointed to no statutory privilege applicable to it. (*Ibid.* [the burden is on the party claiming an evidentiary privilege to show privilege applies].) As the NCAA has failed to show that a privilege applies, *Mitchell v. Superior Court* (1984) 37 Cal.3d 268, cited by the NCAA, is inapplicable. That case involved the qualified privilege of the media to withhold discovery of the identity of confidential sources and unpublished information supplied by those sources. The NCAA, a private, voluntary organization, is not the media and so no such concomitant privilege exists for the organization.

Weighed against constitutional principles enunciated in *NBC Subsidiary* are the bylaws and contractual agreement for confidentiality of a private, voluntary organization. We have determined that the NCAA's promise of confidentiality is limited in the bylaws and does not by itself justify sealing. On balance, therefore, the NCAA's interest in ensuring the confidentiality of its investigations is insufficient to overcome presumption

11

of, and the courts' obligation to protect the constitutional interest in, the openness of court records in ordinary court proceedings. (*NBC Subsidiary*, *supra*, 20 Cal.4th at p. 1217.)

c. *The NCAA has not demonstrated a substantial probability of prejudice if the documents are not sealed.*

Even were we to conclude that the NCAA's bylaws requiring circumscribed confidentiality constituted an overriding interest, which we do not, court records will not be sealed unless we find that a substantial probability of prejudice to that interest exists absent sealing the record. (*NBC Subsidiary*, *supra*, 20 Cal.4th at p. 1218; Rule 2.550(d)(3).)

As prejudice, the NCAA contends that its enforcement ability will be hampered if its records are not kept confidential. Public disclosure will embarrass those who had relied on confidentiality. In the future, witnesses who might otherwise cooperate will be unwilling to talk or may temper their statements or candor for fear of repercussions; and concern over disclosure of internal emails and communications may cause volunteer investigators and committee members to forego detailed notes of their thoughts and impressions. The NCAA cites the " 'months and months and months' " it took to convince one non-party witness to cooperate, and his associate's refusal to be interviewed. These facts do not logically support the assertion: the NCAA provided us with no indication that it was the promise of confidentiality that convinced the one witness to agree to be interviewed. Rather, that witness agreed to speak on condition that only the NCAA participate in the interview. The promise of confidentiality failed to persuade the other witness.

We are not convinced by the NCAA's contention that public disclosure of its documents will make future investigations more difficult for the NCAA to conduct. Member institutions, their employees, students, and alumni already agree to submit to NCAA enforcement. While it is possible that some may shy away as the result of disclosure, it is just as likely that knowing their statements might become public, members of the COI and investigators would "ground their evaluations in specific

12

examples and illustrations in order to deflect potential claims of bias or unfairness." (*University of Pennsylvania v. EEOC* (1990) 493 U.S. 182, 200-201 [rejecting argument that disclosure of peer review materials to EEOC infringes First Amendment by undermining confidentiality central to peer review and tenure processes].)  It is also just as likely that witnesses would be encouraged to give specific examples of their concerns rather than to gossip.

The same argument that disclosure will impede the NCAA's investigations has been rejected by courts elsewhere in the country.  In *University of Kentucky v. Courier-Journal* (Ky. 1992) 830 S.W.2d 373, the University refused to disclose to the press summaries of evidence and the evaluation of counsel for the University, along with seven volumes of evidence attached to its response to the NCAA's inquiry about alleged rules violations at the University.  (*Id*. at pp. 374-376.)  The court rejected the University's argument that the NCAA's documents could be kept from public view under Kentucky law (KRS 61.878(1)(a), (f), (g), and (h)) exempting from disclosure certain public records.  The court rejected as being "without legal basis" the University's argument that disclosure of the NCAA's documents "should be prohibited because it would hinder 'the agency's investigatory powers,' by making witnesses less willing to cooperate . . . ." (*University of Kentucky v. Courier-Journal*, at pp. 376-378 & fn. 2.)

Similarly, the Florida appellate court in *NCAA v. Associated Press* (Fla.Dist.Ct.App. 2009) 18 So.3d 1201, upheld the trial court's order requiring the NCAA to disclose to various news organizations the transcript of a COI hearing and the COI's response to the university's appeal.  Disclosure was made pursuant to a Florida law that renders documents public when they are received in connection with official business by a government agency, there, Florida State University.  (*Id*. at pp. 1204, 1206-1207.)  The disclosure was required notwithstanding a confidentiality agreement was signed.[9]

---

[9]     *Berst v. Chipman* (Kan. 1982) 653 P.2d 107, is of no help to the NCAA.  The Kansas case, involving a discovery dispute and not a request to seal otherwise open documents, does not apply the California standards articulated in *NBC Subsidiary*.

13

The NCAA's investigative and adjudicative documents, such as evidence, summaries of evidence, transcripts of COI hearings, the NCAA's response to an appeal, and institutions' evaluations have already been subject to public scrutiny elsewhere in the United States over the years. The NCAA has not demonstrated that such disclosure chilled future investigations.

Analogizing its role to that of judges and juries, the NCAA claims as prejudice that unsealing the investigative file will make attorneys and law professors reluctant to serve on investigative teams for fear of repercussions. We recognize long-standing policies and laws protecting the confidentiality of judicial and jury deliberations, and those of administrative agencies acting in an adjudicative capacity. (7 Witkin, Cal. Procedure (5th ed. 2008) Trial, § 320, p. 373; *The Recorder v. Commission on Judicial Performance* (1999) 72 Cal.App.4th 258, 281-282; see also Pen. Code, § 167 [recording jury's deliberations and vote is a misdemeanor]; Evid. Code, § 1150, subd. (a) [effect of statements, conduct, condition, or event on juror to influence verdict inadmissible].) However, these policies and laws do not apply to the NCAA; the NCAA is neither a part of our judicial system nor of our law enforcement apparatus. It is a private, voluntary organization. Unlike the judiciary, the NCAA is more akin to a private employer who investigates misconduct of its employees. When the adequacy of an employer's investigation into an employee is at issue in a lawsuit, the employer must produce its files and disclose the substance of its non-privileged internal investigation. (See *Kaiser Foundation Hospitals v. Superior Court* (1998) 66 Cal.App.4th 1217, 1227.) The NCAA made no convincing showing that disclosure of any of the documents at issue here will prejudice its enforcement practices.

The NCAA also argues that it is forced to traverse Scylla and Charybdis: if the records here are not sealed, it must decide whether to publicly reveal the contents of the conditionally lodged documents to pursue its appeal or whether to have those records returned to it. (Rule 8.46(d)(7) & (f)(3)(D).) If it were to choose the latter course, the NCAA states it will be deprived of the opportunity to present a complete record on appeal and fully defend itself against plaintiff's lawsuit. Of course, all parties unable to

show the *NBC Subsidiary* factors face this choice when a request to seal documents is before the court; the NCAA is no different. "Litigants certainly anticipate, upon submitting their disputes for resolution in a public court, before a state-appointed or publicly elected judge, that the proceedings in their case will be adjudicated in public. . . . '[A]n individual or corporate entity involved as a party to a civil case is entitled to a fair trial, not a private one.' " (*NBC Subsidiary*, *supra*, 20 Cal.4th at p. 1211, quoting from *State v. Cottman Transmission* (Md.App. 1988) 542 A.2d 859, 864.)

We are cognizant that the NCAA, whose mission is to promote intercollegiate amateur athletics, provides an important public service. (Cf. *NCAA v. Board of Regents of Univ. of Okla*. (1984) 468 U.S. 85, 101 [antitrust case explaining holding not based on "the NCAA's historic role in the preservation and encouragement of intercollegiate amateur athletics"].) However, our analysis here is based on the First Amendment. The constitutional right of public access to, and the presumption of openness of, documents submitted at trial or as a basis for adjudication in ordinary civil cases are designed to protect the integrity of our judicial system. (*Estate of Hearst*, *supra*, 67 Cal.App.3d at p. 784.) Public access to such documents "plays an important and specific structural role in the conduct of" civil proceedings. (*NBC Subsidiary*, *supra*, 20 Cal.4th at p. 1219.) " '[W]hen individuals employ the public powers of state courts to accomplish private ends, . . . they do so in full knowledge of the possibly disadvantageous circumstance that the documents and records filed . . . will be open to public inspection.' [Citation.] '[I]n a sense [such civil litigants] take the good with the bad, knowing that with public protection comes public knowledge' of otherwise private facts. [Citation.]" (*Id*. at p. 1211, fn. 27, quoting from *Estate of Hearst*, *supra*, at pp. 783 & 784.) The NCAA has failed to make the necessary showing of a substantial probability of prejudice if the documents are not sealed.

Based on our conclusion that the NCAA failed to make the necessary showing as to the first two of the requisite *NBC Subsidiary* findings, we need not address the remaining two required findings. (Rules 2.550(d)(4), (5) & 8.46(d)(6).) We deny the NCAA's motion to seal the records on appeal.

15

DISPOSITION

The NCAA's motion to seal the record on appeal is denied. The clerk is directed to return the conditionally sealed documents to the NCAA. (Cal. Rules of Court, rule 8.46(d)(7).) In order to enable the NCAA to seek further review, the court orders as follows: (1) in the event the NCAA files a petition for rehearing, it shall have 40 days from the date of this order to notify the clerk what record is to be filed; (2) in the event the NCAA files a petition for review, it shall have 10 days after final disposition in the Supreme Court to notify the clerk of this court what record is to be filed. Each party to bear its own costs.

**CERTIFIED FOR PUBLICATION**

ALDRICH, J.

We concur:

EDMON, P. J.

KITCHING, J.

16