Filed 11/12/15  Lawrence S. v. Copeland CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| LAWRENCE S., | B255858 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BS147104) |
| v. | |
| AMANDA COPELAND, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Richard E. Rico, Judge.  Reversed and remanded.

Amanda Copeland, in pro. per., for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

**INTRODUCTION**

Amanda Copeland prevailed in an action against her for a civil restraining order. The trial court dismissed the petition against Copeland, but the court denied in part Copeland's motion to seal the file. Although the court redacted her address from the petition, Copeland argues that the court should have sealed or redacted more. We agree and reverse.

**FACTUAL AND PROCEDURAL BACKGROUND**

Amanda Copeland filed a limited civil action against Lawrence S. for return of a dog.[1] Copeland hired a private investigator to conduct surveillance on Lawrence S. to obtain evidence that Lawrence S. had been neglecting the dog. When Lawrence S. found out about the private investigator, he became angry and filed this action for a civil restraining order against Copeland.

Copeland and Lawrence S. mediated the limited civil action and reached a settlement. They agreed that Lawrence S. would return the dog to Copeland, Copeland would dismiss the limited civil action, and Lawrence S. would dismiss his petition in this action for a restraining order. Lawrence S., however, never dismissed his petition. Copeland appeared at the hearing on the petition, but Lawrence S. did not, and the court denied the petition.

On the day of the hearing, Copeland filed a motion pursuant to rule 2.550 of the California Rules of Court to seal the file in this action. Copeland stated in her supporting declaration that several years previously she had been a victim in a domestic violence case that led to restraining orders against a third party assailant to protect Copeland and her minor child. Copeland further stated: "My child and I are protected persons with the

---

[1]    As we will discuss, we abbreviate respondent's last name for reasons related to Copeland's request to seal the court file.

2

Secretary of State in the State of California and have been since 2010. We are members of the [S]afe at [H]ome program because we are both victims of serious domestic violence from an ex-boyfriend of mine, who has physically assaulted me many times, stalked us, and threatened us with death. I was hospitalized as a result of his assault. I remain in fear of[ ] my life and my child's life from this individual." Copeland disclosed that she is enrolled in California's "Safe at Home" confidential address program (Gov. Code, §§ 6205-6211), which protects victims of domestic violence, sexual assault, and stalking.[2] Copeland stated, "If this case is not sealed, the confidential information in it that has been made record by [Lawrence S.], maliciously and frivolously, will lead the assailant back to my family again." Copeland asked the court to seal the case file permanently.

---

[2] "Under the program, a *confidential address* (and, if desired, changed name) can be registered, ensuring that state and local agencies will not disclose the victim's location in responding to requests for public records; and a *substitute mailing address* can be registered for use by public agencies." (Hogoboom & King, Cal. Practice Guide: Family Law (The Rutter Group 2015) ¶ 1:353.) In general, such a program "operates as follows. A victim of domestic violence files an application for a 'substitute' address with the appropriate governmental agency . . . . After the applicant is accepted and certified into the program, the state agent provides a substitute address for the applicant, which she may use for personal purposes, such as employment, health care, or electric bills. The victim's mail is forwarded from that substitute address to her actual address, with the actual address being known only to (and kept confidential by) the Secretary of State. The participant is also given an 'authorization card,' which includes her name, an authorization code, her substitute mailing address, the expiration date of her enrollment in the program, and her signature." (Kristen M. Driskell, *Identity Confidentiality for Women Fleeing Domestic Violence* (2009) 20 Hastings Women's L.J. 129, 140, fns. omitted.) Copeland submitted a copy of her State of California Confidential Address Program card in support of her motion to seal.

The trial court granted Copeland's motion in part. The minute order states: "The court redacts defendant's address from petition." Copeland filed a timely notice of appeal.[3]

Copeland subsequently filed a motion for a settled statement on appeal, which the trial court granted. In its settled statement, the court stated, "The court considered the request and ordered that the petition be redacted to eliminate the address of [Copeland,] which was done. As to the remainder of the petition, the court ruled that the standards for sealing records were not met. The court notes that the petition includes no other identifying information regarding [Copeland] other than her name." As will be discussed, this statement is inaccurate.

Copeland filed an objection to the settled statement. In addition to restating the arguments she made in her motion to seal, she pointed out the contact information for Lawrence S. is readily available, and that, using this information, her assailant in the domestic violence case could "easily contact" Lawrence S., who, considering his dispute with Copeland, would have little incentive not to disclose Copeland's address. The trial court overruled Copeland's objection. The court stated that the settled statement "accurately reflects what transpired in court" at the hearing on the petition and Copeland's motion to seal, and that Copeland "is attempting to insert matters that were not part of the record at the time of the original hearing."

---

[3] An order sealing or unsealing documents "is appealable as a final order on a collateral matter." (*In re Marriage of Nicholas* (2010) 186 Cal.App.4th 1566, 1573 & fn. 3; see *Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1084 ["[o]rders allowing or disallowing access to confidential court records have regularly been held appealable"]; *Mercury Interactive Corp. v. Klein* (2007) 158 Cal.App.4th 60, 76 ["[t]he collateral order exception has been applied in . . . cases involving appellate review of orders concerning the sealing of court records"].)

**DISCUSSION**

Pursuant to rule 2.550 of the California Rules of Court and *NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178, "trial courts may redact or seal particular documents to protect private information concerning an overriding privacy interest . . . ." (*In re Marriage of Nicholas* (2010) 186 Cal.App.4th 1566, 1568.) Subdivision (d) of Rule 2.550 of the California Rules of Court provides: "The court may order that a record be filed under seal only if it expressly finds facts that establish: [¶] (1) There exists an overriding interest that overcomes the right of public access to the record; [¶] (2) The overriding interest supports sealing the record; [¶] (3) A substantial probability exists that the overriding interest will be prejudiced if the record is not sealed; [¶] (4) The proposed sealing is narrowly tailored; and [¶] (5) No less restrictive means exist to achieve the overriding interest." The party seeking an order sealing court records has the burden to justify the sealing. (See *McNair v. National Collegiate Athletic Assn.* (2015) 234 Cal.App.4th 25, 32; *H.B. Fuller Co. v. Doe* (2007) 151 Cal.App.4th 879, 894.)

"California courts have taken varying approaches to the standard of review" of an order granting or denying a motion to seal court records, depending on whether the trial court sealed records, or refused to seal or unsealed records. (*Overstock.com, Inc. v. Goldman Sachs Group, Inc.* (2014) 231 Cal.App.4th 471, 490.) For an order refusing to seal or an order unsealing records, the reviewing court determines "whether substantial evidence supports the trial court's express or implied findings that the requirements for sealing are not met." (*Overstock.com* at p. 492; see *People v. Jackson* (2005) 128 Cal.App.4th 1009, 1020; *In re Providian Credit Card Cases* (2002) 96 Cal.App.4th 292, 302-303.)[4]

---

[4]     For an order sealing records, there is split of authority on the standard of review. In *In re Providian Credit Card Cases* (2002) 96 Cal.App.4th 292 the court held that, where the court seals records, the reviewing court first examines the trial court's findings to determine if they are supported by substantial evidence, and then determines whether,

The trial court granted the motion in part by redacting Copeland's address from the petition and denied her request to seal the entire file. The trial court made no findings, either in granting Copeland's motion in part by redacting her name from the petition or in denying the balance of her motion. Although the failure to make express findings (and include those findings in its order) was error,[5] that is not the error Copeland challenges. She argues that the court erred by redacting only her address from the petition and refusing to seal or redact other information in the court file. Thus, the issue is whether there is substantial evidence to support the trial court's implied findings that Copeland did not meet the requirements of California Rules of Court, rule 2.550, for sealing or redacting information beyond her address in the petition.

Substantial evidence does not support the trial court's implied findings on this issue. In redacting her address from the petition, the trial court necessarily made all the findings required by California Rules of Court, rule 2.550(d). Specifically, the court found that Copeland had an interest in keeping her address confidential that overrode the

---

based on those factual findings, the trial court abused its discretion in sealing the records. (*Id.* at p. 302; see *Overstock.com* at p. 490.) In *People v. Jackson* (2005) 128 Cal.App.4th 1009, however, the court stated it doubted that the abuse of discretion standard of review applied to an order sealing records (or at least the records at issue in that case). (See *id.* at p. 1020.) The *Jackson* court held that the appropriate standard of review of an order sealing court records is a de novo "independent review . . . 'to determine whether the facts satisfy the rule of law.'" (*Id.* at p. 1021; see *Overstock.com* at p. 491; see also *Oiye v. Fox* (2012) 211 Cal.App.4th 1036, 1067 [following *Jackson* over *Providian* on this point].) Because Copeland challenges only the part of the order denying her request to seal, we do not need to resolve this split of authority.

[5] The court may grant a motion to seal (or, as here, redact) records only if the court "expressly" makes the factual findings in rule 2.550(d). (See *Overstock.com, Inc. v. Goldman Sachs Group, Inc.*, *supra*, 231 Cal.App.4th at p. 487 ["[t]he court may order a record sealed only upon making express findings" under rule 2.550(d)].) There is no evidence in the record, however, that the trial court made any factual findings. Rule 2.550(e) also requires that an order sealing a record must "[s]pecifically state the facts that support the findings." (See *Overstock.com* at p. 487 ["[i]n its order, the court must identify the facts supporting its issuance," and "[i]f the trial court fails to make the required findings, the order is deficient and cannot support sealing"].) The court's order does not include such a statement.

6

public's right to access the records, that there was a substantial probability her overriding interest would be prejudiced if her address were not redacted, that the redaction was narrowly tailored, and that there was no less restrictive means to achieve Copeland's overriding interest in keeping her address confidential. (See Cal. Rules of Court, rule 2.550(d).) Given the evidence of Copeland's past experience as a victim of domestic violence and her participation in the California Safe at Home confidential address program, these implied findings are supported by substantial evidence.

As Copeland points out, however, there is other information in the record from which a third party could find her address. For example, Copeland's motion to seal and her supporting declaration contain, as they must under rule 2.111(1) of the California Rules of Court, her address. Copeland's address also appears on an appearance card attached to a minute order in the file, Copeland's notice of appeal and notice to prepare a clerk's transcript, Copeland's motions for a statement on appeal and supporting declarations, Copeland's proposed statement on appeal and her objection to the trial court's settled statement, several proofs of service, and several certificates of mailing by the clerk. The court did not state any reason, nor can we think of one, for redacting Copeland's address from the petition and not from any of the other documents in the file that contain her address. And Lawrence S., who did not appear at the hearing on the petition or give any reason for not dismissing this action, has not asserted any interest in having this matter remain public.

Moreover, the trial court's implied findings justifying the redaction of Copeland's address apply with equal force to other information in the court file from which a third party could easily learn Copeland's address. For example, given the obvious animosity between Copeland and Lawrence S., Lawrence S. has no incentive to keep any of Copeland's contact information confidential. Therefore, as Copeland argues on appeal (and belatedly argued in the trial court), the court should also redact or seal pages of documents identifying Lawrence S. as the individual who initiated the petition, including his address on proofs of service and minute orders in the file.

7

## DISPOSITION

The order is reversed and remanded with directions to redact or seal all pages and information that disclose or could readily lead to the discovery of Copeland's address and contact information. Copeland is to bear her costs on appeal.


SEGAL, J.

We concur:



ZELON, Acting P. J.



BECKLOFF, J.[*]

---

[*]Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.