Filed 10/13/23  Peebles v. Simmons Hanly Conroy CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| SCOTT PEEBLES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> SIMMONS HANLY CONROY LLC, <br><br> Defendant and Appellant, <br><br> J-M MANUFACTURING COMPANY, INC., <br><br> Movant and Appellant. | B318822 <br><br> (Los Angeles County Super. Ct. No. 20STCV18513) |

APPEALS from an order of the Superior Court of Los Angeles County, Armen Tamzarian, Judge.  Affirmed.

Jenner & Block, Kirsten H. Spira, Matthew S. Hellman and Kristen Green for Defendant and Appellant.

Bryan Cave Leighton Paisner, John W. Amberg; Goldberg Kohn, Frederic R. Klein and Kerry D. Nelson for The Association

of Professional Responsibility Lawyers as Amicus Curiae on behalf of Defendant and Appellant.

Manning Gross + Massenburg, Carrie S. Lin; Miller Barondess and Nadia A. Sarkis for Movant and Appellant.

Shook Hardy & Bacon and Patrick J. Gregory for Coalition for Litigation Justice, Inc.; Eimer Shahl, Robert E. Dunn and Florence Liu for Chamber of Commerce of the United States of America; ArentFox Schiff and Jeffrey D. Skinner for DBMP LLC as Amici Curiae on behalf of Movant and Appellant.

Wagstaff, von Loewenfeldt, Busch & Radwick and Michael von Loewenfeldt for Plaintiff and Respondent.

_____

Attorney Scott Peebles sued his former law firm, Simmons Hanly Conroy LLC (Simmons), for wrongful termination, alleging he was fired after reporting to his supervisor that the firm had committed legal and ethical violations while representing plaintiffs in asbestos litigation.  Peebles's original and first amended complaints were heavily redacted.  He neither lodged nor filed unredacted versions of those documents and never moved for a sealing order.  However, during the litigation Simmons obtained an order to seal the superior court case number of a lawsuit that had been publicly disclosed and that purportedly had some connection to Peebles's allegations.

Peebles and Simmons settled Peebles's lawsuit.  After the case was dismissed with prejudice, J-M Manufacturing Company, Inc. (J-M), a defendant in asbestos cases in which Simmons has represented the plaintiffs, moved to have the trial court require Peebles to publicly file the previously unfiled unredacted versions of the pleadings and to unseal the sealed asbestos case number.

2

The trial court denied the first request, an order J-M appeals, and granted the second, which Simmons appeals. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

1. *Peebles's Initial Pleadings and Attempt To File a Second Amended Complaint Under Seal*

Simmons hired Peebles in June 2016 as a trial attorney to handle asbestos-related personal injury and wrongful death cases. In his lawsuit Peebles alleged that he was assigned to a case in which he believed the firm had committed serious misconduct during its representation of the plaintiff and that he had been asked to participate in further unlawful and unethical activities. Peebles identified various rules and statutes Simmons had allegedly violated, including provisions of the Rules of Professional Conduct and the Business and Professions and Penal Codes. Peebles declined to participate in unlawful and unethical conduct and disclosed the violations to his supervisor. According to Peebles, Simmons terminated his employment in retaliation.

Peebles sued Simmons in May 2020 alleging causes of action for retaliation and wrongful termination and seeking a declaration for payment of wages due. He redacted 33 of the 104 paragraphs in his complaint, as well as portions of other paragraphs.[1] In a footnote Peebles explained, "[A]n effort will be made to file certain portions of this Complaint, under seal, thereby providing an unredacted version to the Court. This will be done, out of an abundance of caution, so as to ensure compliance with the California Rules of Professional Conduct.

---

[1] It appears from context that the redacted material recited details of the allegedly unlawful or unethical conduct.

3

Plaintiff does not concede that any of Plaintiff's allegations contain protected attorney client, privileged, information." Notwithstanding this statement, Peebles did not lodge (or file) an unredacted version of his complaint and never filed a motion to seal.

Approximately one month later Peebles filed a first amended complaint, which added causes of action for intentional misrepresentation and intentional infliction of emotional distress. The complaint described three cases on which Peebles had worked: A "Case" he worked on that he "was able to bring . . . to resolution, before trial"; "another trial which he had also been assigned to . . . [that] resolved just before trial"; and an appeal. As he had done in the original complaint, Peebles redacted many full paragraphs (32 of the 124 paragraphs) and portions of other paragraphs and explained he would try to file under seal an unredacted version of the pleading with the court without conceding any of the redactions contained privileged information. Peebles never lodged (or filed) an unredacted version of the first amended complaint and never filed a motion to seal.

Nine days after filing his first amended complaint Peebles moved for leave to file a second amended complaint and an order to file the complaint under seal. Peebles's counsel stated, "The [publicly] filed SAC will be identical to the FAC, but the SAC conditionally filed under seal will reveal the previously redacted portions of the FAC." Counsel also explained, "The additional facts Plaintiff wishes to add to the SAC [by removing the redactions] detail dates, events, and conduct" in order "to give [the court] more factual detail in support of Plaintiff's causes of action." Peebles had not moved sooner to file a sealed version of his complaint, counsel continued, because of the Covid-19

4

pandemic and the inability to physically lodge a copy of the unredacted complaint with the court. Counsel reiterated that Peebles did not "concede that all redacted facts are subject to attorney-client, attorney work-product or other privileges, but out of an abundance of caution, Plaintiff redacted facts that could potential[ly] reveal the identity of the client or the Case, which in part, give rise to his various claims." Peebles lodged an unredacted copy of the proposed second amended complaint with the court. Prior to filing his motion Peebles served Simmons with unredacted copies of the original and first amended complaints.

Simmons opposed the motion for leave to file a second amended complaint and order to file under seal. Having reviewed the unredacted versions of the prior iterations of the complaint, Simmons argued the proposed second amended complaint contained attorney-client communications, legal advice and client secrets. An attorney for Simmons submitted a declaration on information and belief asserting that the "Adult Child of the Plaintiff's lawsuit . . . indicated to [Simmons] that it wishes to assert the [lawyer-client] privilege." Simmons requested that, if the court granted leave to file a second amended complaint, it seal the entirety of the factual allegations sections in all three versions of the complaint.

On July 30, 2020 the trial court denied Peebles's motion to file a second amended complaint without prejudice. The court also denied Peebles's application to seal the complaint and instructed Peebles to pick up the sealed documents he had lodged with the court.

5

2. *The Demurrer to the First Amended Complaint and Disclosure and Subsequent Sealing of the Asbestos Case Number*

On August 3, 2020 Simmons demurred to the first amended complaint. Simmons summarized the allegations contained in the complaint, noting it was referring to "only those specific dates disclosed in the public, unredacted portions of [the] FAC. Thus, to the extent a specific date is not mentioned herein, it is because the FAC does not publicly disclose it." Simmons contended in part that the complaint must be dismissed because the law firm could not defend itself without violating the lawyer-client privilege and duty of confidentiality. Peebles opposed, arguing in part that Simmons was improperly requesting the court "to make a premature judgment about facts that may or may not be introduced, at a later time" and that he could prove his case without violating the lawyer-client privilege. The court overruled the demurrer.

At the September 9, 2020 hearing on the demurrer, in response to a question from the court, counsel for Simmons identified the case number of a pending asbestos lawsuit that counsel described as "the case in which [Peebles] is claiming that there was [perjured] testimony."[2] Following the hearing the trial court issued an order to show cause regarding the parties' obligations to file a notice of related case as to the asbestos case. Simmons filed an ex parte application five days later seeking to seal all references to the case number. Simmons argued the case

---

[2]     The September 9, 2020 hearing transcript is not part of the appellate record. Our description is based on the parties' filings relating to Simmons's application to seal all references to the asbestos case number.

6

number was protected by the lawyer-client privilege because the number was a "public connection[]" between the allegations in Peebles's lawsuit and the asbestos lawsuit.

On September 15, 2020 the court granted Simmons's application to seal the asbestos case number. Although the proposed order submitted by Simmons included specific findings of fact to support sealing the case number, the order signed by the court omitted any findings. Instead, the order stated good cause existed to seal the asbestos case number, recited the factors required to seal a document under California Rules of Court, rule 2.550(d)[3] and sealed (1) the reference to the asbestos case number at page six of the court's September 9, 2020 minute order; (2) the references to the asbestos case number on the court's case docket and register of actions; (3) any references to the asbestos case number in any public filing between the time of Simmons's application to seal and the date of the order; and (4) the transcript of the September 9, 2020 hearing.

3. *Peebles's Second Amended Complaint and Settlement of the Lawsuit*

Peebles filed a second amended complaint on September 21, 2020 without seeking a sealing order.[4] Simmons demurred to one of the five causes of action alleged and thereafter answered the complaint and filed a cross-complaint. Peebles and Simmons settled the case on June 25, 2021, and it was dismissed with prejudice on September 23, 2021.

---

[3] Subsequent references to rule or rules are to the California Rules of Court.

[4] The record on appeal does not include a copy of this pleading.

7

### 4. *J-M's Efforts To Unseal the Asbestos Case Number and the Original and First Amended Complaints*

Two months after Peebles's lawsuit was dismissed, J-M filed an ex parte application to unseal the asbestos case number and Peebles's original and first amended complaints. J-M contended the September 15, 2020 order sealing the case number was defective because it lacked supporting factual findings and Peebles's failure to obtain orders to file his original and first amended complaints under seal required that he file unredacted versions of those pleadings. In its application J-M explained it had determined through the publicly available descriptions of the procedural posture of the case referred to in Peebles's pleadings that the sealed case number was for a lawsuit J-M had settled in August 2019.

Simmons opposed the application, contending the trial court had properly sealed the asbestos case number. Simmons also argued the court could not grant the relief requested concerning Peebles's complaints because the documents had not been filed under seal and the court had never been in possession of unredacted versions of them. Peebles also opposed, asserting, because his case had been dismissed, the trial court lacked jurisdiction to grant relief to J-M.

The court on January 19, 2022 granted J-M's motion in part, unsealing the asbestos case number. The court explained that Simmons had not established an overriding interest in maintaining the case number under seal because the number was at most a "clue" that "could possibly lead to the discovery of unproven and disputed allegations about the nature or character of client confidences or privileged communications—not their actual content." Also, the court reasoned, because J-M had

figured out the case number, "[k]eeping it sealed now would be futile."

The court denied J-M's request for an order directing Peebles to file unredacted copies of his complaints. The court emphasized the complaints had been redacted, not sealed. In addition, "The court never considered the unredacted version [of the complaints] in adjudicating this case." The court observed, if Peebles had unsuccessfully moved to seal his complaints, the result would have been the same—the redacted versions would have remained on file and the unredacted versions would have never become part of the court's record. Alternatively, the court ruled, even if it had the authority to order Peebles to produce the unredacted complaints, it declined to exercise its discretion to do so. Because Peebles had redacted the complaints due to "valid concerns that the unredacted text may reveal confidential information that he had a duty to protect," ordering Peebles to disclose the complaints was not appropriate.

Simmons and J-M have each appealed from portions of the January 19, 2022 order.[5]

## DISCUSSION

1. *Governing Law*

The right to access court proceedings and court documents is rooted in the First Amendment. (*NBC Subsidiary (KNBC-TV), Inc. v. Superior Court* (1999) 20 Cal.4th 1178, 1208, fn. 25; accord, *In re Marriage of Tamir* (2021) 72 Cal.App.5th 1068, 1078; *In re Marriage of Nicholas* (2010) 186 Cal.App.4th 1566, 1575.) "'A strong presumption exists in favor of public access to

---

[5] The order unsealing the asbestos case number has been stayed pending resolution of this appeal.

9

court records in ordinary civil trials.  [Citation.]  That is because "the public has an interest, in *all* civil cases, in observing and assessing the performance of its public judicial system, and that interest strongly supports a general right of access in ordinary civil cases."'" (*In re Marriage of Tamir,* at p. 1078.)

Rules 2.550 and 2.551 codify these principles and provide for ongoing judicial scrutiny to ensure sealing orders do not violate the public's right of access.  Court records are presumed open unless confidentiality is required by law.  (Rule 2.550(c).)  No record may be filed under seal without a court order, and a party seeking such an order must file a motion or application with the court and serve the parties.  (Rule 2.551(a) & (b).)  The moving party must publicly file a redacted version and lodge an unredacted version conditionally under seal with the court.  (Rule 2.551(b)(1).)

The trial court may order that a record be filed under seal only if it expressly finds facts establishing the existence of an "overriding interest" that outweighs the public's right to access the record, where there is a "substantial probability" that the interest will be prejudiced absent sealing.  (Rule 2.550(d)(1)-(3).)  The proposed sealing must be narrowly tailored, and there must be no "less restrictive means" to achieve the overriding interest.  (Rule 2.550(d)(4) & (5).)  The Advisory Committee Comment to rule 2.550 explains, "[V]arious statutory privileges, trade secrets, and privacy interests, when properly asserted and not waived, may constitute 'overriding interest.'"  The court's order sealing a record must "[s]pecifically state the facts that support the findings" (rule 2.550(e)(1)(A)) and "[d]irect the sealing of only those documents and pages, or, if reasonably practicable, portions of those documents and pages, that contain the material that

10

needs to be placed under seal. All other portions of each document or page must be included in the public file." (Rule 2.550(e)(1)(B).)

If the court denies a motion or application to seal, the moving party may notify the court, within 10 days of the order, that the lodged record is to be filed unsealed. (Rule 2.551(b)(6).) If the moving party does not do so, the clerk must return the physically lodged record to the moving party or permanently delete the electronically lodged record. (*Ibid.*)

"Since orders to seal court records implicate the public's right of access under the First Amendment, they inherently are subject to ongoing judicial scrutiny, including at the trial court level," even after the conclusion of case. (*In re Marriage of Nicholas, supra,* 186 Cal.App.4th at p. 1575.) Rule 2.551(h) authorizes parties and nonparties to move to unseal a record. (See *Overstock.com, Inc. v. Goldman Sachs Group, Inc.* (2014) 231 Cal.App.4th 471, 489 ["'[b]y allowing a member of the public to file a motion to unseal records, rule 2.551(h) provides a mechanism for third parties to correct overbroad or unsubstantiated sealing orders'"].)

In evaluating a motion to unseal records, the court considers the same factors it does when determining whether a record should be sealed, including whether an overriding interest overcomes the right to public access to the record and whether the sealing order is narrowly tailored. (Rule 2.551(h)(4).) The order unsealing a record must state whether the record is unsealed entirely or in part. (Rule 2.551(h)(5).)

2. *The Trial Court Did Not Err in Unsealing the Asbestos Case Number*

An order unsealing documents "is the functional equivalent of denying a motion to seal them." (*In re Providian Credit Card Cases* (2002) 96 Cal.App.4th 292, 302.) "[W]e review the ultimately discretionary decision to deny sealing by inquiring whether substantial evidence supports the trial court's express or implied findings that the requirements for sealing are not met." (*Overstock.com, Inc. v. Goldman Sachs Group, Inc., supra,* 231 Cal.App.4th at p. 492; see *People v. Jackson* (2005) 128 Cal.App.4th 1009, 1020; *In re Providian Credit Card Cases,* at pp. 302-303.)

Simmons contends the asbestos case number must be kept confidential as a matter of law because it is protected by the lawyer-client privilege and by a lawyer's duty of confidentiality.[6]

---

[6] Simmons also contends the requirements for sealing under rule 2.550 do not apply to the case number because, as lawyer-client privileged information, it is confidential as a matter of law. (See rule 2.550(a)(2).) The statutory lawyer-client privilege, which may be waived by the holder of the privilege, is properly considered in determining whether an "overriding interest" in sealing exists (see rule 2.550, Advisory Committee Comment), but does not automatically justify a sealing order. (Cf. *General Dynamics Corp. v. Superior Court* (1994) 7 Cal.4th 1164, 1191 [describing sealing or protective orders and in camera proceedings as methods "to permit the attorney plaintiff to attempt to make the necessary proof while protecting from disclosure client confidences"].) Simmons acknowledged as much in its ex parte application to seal the asbestos case number. Indeed, having successfully invoked rule 2.550 to seal the case number, Simmons is now judicially estopped from taking the position the sealing rules do not apply. (See *New Hampshire v.*

Simmons at least implicitly recognizes the case number by itself is neither privileged nor confidential but argues the case number here, when coupled with the allegations in Peebles's complaint, has become protected information and must remain sealed because of the overriding interest in preventing disclosure of privileged lawyer-client communications. Unsealing, Simmons claims, would cause it and its client "enormous prejudice" because the only way to defend against Peebles's allegations is by disclosing privileged information.[7]

None of Simmons's arguments is well taken. As a threshold matter, the September 15, 2020 order sealing the case number is defective. As discussed, the trial court failed to state any factual findings to support sealing the number as required by rule 2.550(e). Simmons largely ignores this fatal facial defect in its briefs in this court. Having drafted a proposed order that included findings of fact, Simmons was obviously aware that those findings were necessary. Yet Simmons never moved to amend the order or otherwise cure the defect while the wrongful termination case was pending. A defective order cannot support continued sealing of the case number. (See *Overstock.com, Inc. v. Goldman Sachs Group, Inc., supra*, 231 Cal.App.4th at p. 487

---

*Maine* (2001) 532 U.S. 742, 750-751; *Minish v. Hanuman Fellowship* (2013) 214 Cal.App.4th 437, 449.)

[7] Although, as noted, the trial court's order unsealing the case number has been stayed, that number is included in J-M's respondent's brief, one of the amicus briefs and J-M's ex parte application to unseal and supporting points and authorities in the trial court, which are part of the clerk's transcript. No party has moved to seal that material or otherwise acted to ensure the case number was not revealed in this court. (See rule 8.46(b)-(d).)

13

["[i]f the trial court fails to make the required findings, the order is deficient and cannot support sealing"].)

Even if the initial order were proper, substantial evidence supports the trial court's subsequent order unsealing the case number. Simply put (and consistent with common sense), the number assigned to a case does not reveal any lawyer-client communications or confidential information, even here when considered with the allegations in Peebles's complaint. Because nearly all the factual allegations supporting Peebles's various claims were redacted, the complaints asserted ultimate facts and legal conclusions without revealing any client confidences. Based on the legal and ethical violations alleged, one could certainly speculate about the communications that had been exchanged between counsel and client. But that type of unsupported conjecture is insufficient to establish an overriding interest to keep the case number under seal.[8]

*Rosso v. Superior Court* (1987) 191 Cal.App.3d 1514, upon which Simmons relies, does not support a different result. In *Rosso* the plaintiff sought disclosure of the names of persons who

---

[8] Simmons and its amicus argue Peebles's unauthorized disclosure of privileged information in the unredacted portion of his complaint and first amended complaint could not, and did not, waive the privilege held by the law firm's client. While they may be correct, the question before us is not one of waiver but whether, given the availability of that information to the public, the trial court erred in finding that Simmons had not satisfied its obligation to establish an overriding interest in maintaining under seal only the number of the case to which that information related. (See *H.B. Fuller Co. v. Doe* (2007) 151 Cal.App.4th 879, 898 ["there is no justification for sealing records that contain only facts already known or available to the public"].) It did not.

14

had responded to an advertisement placed by the attorney-defendants and directed at women who might have suffered problems arising from the use of an intrauterine device. The court of appeal explained that "[a]s a general rule, the identity of an attorney's clients is not protected by the attorney-client privilege." (*Id.* at p. 1518.) However, "'in unusual situations, particularly where so much is already known of the attorney-client relationship that to disclose a client's name will betray a confidential communication, the identity of a client may be treated as privileged information.'" (*Ibid.*) The court found the facts before it presented such a situation because revealing the names of the women who responded to the advertisement would "reveal the nature of a medical problem, ordinarily considered a confidential communication." (*Id.* at p. 1519.) The court noted that, "if the disclosure of the patient's name reveals nothing of any communication concerning the patient's ailments, disclosure of the patient's name does not violate the [doctor-patient] privilege." (*Ibid.*)

Here, unlike identifying the client in *Rosso*, which necessarily also revealed private medical information relating to that individual, unsealing the number of the asbestos case did not disclose confidential and private information about the asbestos plaintiff. At most, based on Peebles's unproved and conclusory allegations, one could only speculate about communications exchanged between Simmons and the client. Further, the complaint described at least three cases on which Peebles worked, further masking the identity of the actual client and obscuring the content of any privileged communications involving alleged ethical or legal violations. Significantly, although Simmons bases its argument in substantial part on the

15

connection of the case number to publicly available portions of the original and first amended complaints that it asserts contain privileged and confidential information, it never took any steps to seal any aspect of those documents.  Its inaction belies its purported concern for confidentiality.

Simmons additionally argues that sealing the number is necessary because otherwise it would need to disclose privileged information to defend against Peebles's claims.  That assertion—difficult to understand—is, in any event, moot now that Peebles's employment case has been dismissed with prejudice.  (See *Copley Press, Inc. v. Superior Court* (1998) 63 Cal.App.4th 367, 374 ["'[d]ue to its temporary nature and its infringement upon the public right to know, a sealing order in a civil case is always subject to continuing review and modification, if not termination, upon changed circumstances'"].)  To be sure, Simmons also complains that J-M has attempted—so far unsuccessfully—to seek the asbestos case number and Peebles's unredacted complaints through discovery requests and motions to compel in pending asbestos cases.  Should J-M ever be successful, Simmons contends, it will then have to use privileged information to defend itself against Peebles's allegations about the firm's litigation tactics.  Not only is this claim of prejudice too attenuated to support a sealing order, but it is also an argument properly made, if at all, in the asbestos cases where J-M is seeking discovery, not in the case at bar.

3. *The Trial Court Did Not Err in Declining To Order Peebles To File Unredacted Copies of His Complaints*

We independently review whether rules 2.550 and 2.551 governing the sealing of records apply to Peebles's redacted complaints.  (*Mercury Interactive Corp. v. Klein* (2007)

16

158 Cal.App.4th 60, 81 ["whether the court correctly determined that the Complaint's exhibits were subject to the sealed records rules at all" reviewed independently]; see *Committee for Sound Water & Land Development v. City of Seaside* (2022) 79 Cal.App.5th 389, 403 [interpretations of the California Rules of Court conducted de novo].)

The parties do not dispute that Peebles filed only heavily redacted versions of his original and first amended complaints, that he never lodged and moved to file unredacted versions of those complaints under seal, and that the trial court was never in possession of the unredacted complaints. Simmons contends, under these circumstances, the redacted allegations were never a part of Peebles's complaints—it is as if he had simply filed shorter versions of the two documents containing only the exposed language and omitting entirely the redactions. Accordingly, there was nothing to unseal. J-M, on the other hand, argues the redacted complaints were, in effect, improperly filed under seal without a court order and in violation of the sealed record rules. The failure to properly seal the complaints, when measured against the public's right to access court documents, J-M asserts, required the trial court to "unseal" the original and first amended complaints by ordering Peebles to file unredacted copies of them.

J-M's argument fundamentally misperceives the entirely proper and varied use of redactions in court documents. In short, not all redactions represent material filed under seal. Documents may be filed with redactions when necessary to protect personal privacy and other legitimate interests. (See, e.g., rule 1.201; *Concepcion v. Amscan Holdings, Inc.* (2014) 223 Cal.App.4th 1309, 1327 [explaining that documents requested by the court

17

could have been filed as "redacted copies of the bills deleting any privileged information" as opposed to requiring an in camera review]; see generally Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 2023) ¶ 9.416.1 ["Many, if not most, motions to seal are unnecessary because the judge does not need to review the confidential material to decide the underlying motion. In such cases, simply file the redacted document in the public file and explain the redaction in, e.g., the accompanying memorandum of points and authorities"].) In these situations the redacted information is never presented to the court for its consideration or to the public and is not subject to "unsealing."

Redactions, of course, can also be used when a party intends for the court to have full access to a document and only limited portions of that document are properly shielded from public view. A court order sealing a document and authorizing the public filing of a redacted copy under these circumstances is necessary under rule 2.550(d)(4), which requires any sealing order be narrowly tailored to cover only information that qualifies for sealing. In contrast to the first type of redaction, redactions in this situation allow information to be available to the court but not the public. And to reiterate, this type of redaction requires a court order supported by specific findings because sealing material impinges upon the public's right of access to information used by the court to adjudicate a matter.

As explained in counsel's declaration in support of Peebles's motion for leave to file a second amended complaint and order to seal, Peebles's prior pleadings contained the first type of redaction—information Peebles had not yet decided to allege in support of his claims. When Peebles decided to present that

18

information to the court, he requested leave to file a second amended complaint under seal and to publicly file a redacted copy. After the trial court denied his motion for leave and order to file under seal, Peebles elected not to file the unredacted second amended complaint; and the lodged version of that document was returned to him, as provided in rule 2.551(b)(6).

Because the redacted allegations in the original and first amended complaints were never before the trial court, the sealed record rules for unsealing documents do not apply to those pleadings. It necessarily follows that the public's right to access has not been violated because there was, in fact, full access to the documents before the court for use in adjudicating the case.[9]

J-M's contention that Peebles and Simmons secretly litigated Peebles's lawsuit based on allegations not available to the public or the court because Peebles served Simmons with the unredacted pleadings does not further J-M's argument for requiring the court to order Peebles to file unredacted versions of those documents. The public has no right of access to communications outside of court between the opposing parties in a lawsuit, and nothing in the record on appeal suggests the redacted allegations in the original and first amended complaint

---

[9]     Although the trial court may have reviewed the unredacted second amended complaint lodged with the court when determining whether to grant Peebles leave to amend the complaint and to file that pleading under seal, after denying Peebles's motion in its entirety, the lodged document was properly removed from the court record.

19

were ever presented to, or relied upon, by the parties or the court in any court proceedings.[10]

J-M's reliance *In re Marriage of Nicholas, supra,* 186 Cal.App.4th 1566 to argue the trial court had inherent authority to compel Peebles to file unredacted versions of his complaints in a case already dismissed with prejudice is misplaced. In *In re Marriage of Nicholas* the appellant, a party to a still-pending family law case, challenged the ability of one judge to subsequently modify a sealing order entered earlier in the case by a different judge. (*Id.* at p. 1574.) The court of appeal held a new judge assigned to the matter had continuing jurisdiction to modify earlier sealing orders, explaining rule 2.551(h) "authorizes trial judges to issue orders to unseal records that previously have been sealed by prior court orders." (*In re Marriage of Nicholas*, at p. 1577.) The case did not involve a third party's attempt to compel a litigant in a dismissed lawsuit to file unredacted versions of documents not in the court files and not the subject of a prior sealing order.

J-M also contends the court's refusal to order Peebles to file his unredacted complaints was error because the court had "*no idea* what the unredacted text said" and, therefore, its decision not to do so was not a reasoned one. With this somewhat peculiar argument, J-M appears to be suggesting the court should have

---

[10] At oral argument counsel for J-M identified Peebles's opposition to Simmons's demurrer to the first amended complaint as an example of the parties relying on the unfiled and unredacted complaint to litigate the case. However, review of the demurrer and Peebles's opposition does not suggest the parties were litigating secret allegations hidden from the court. As discussed, Simmons expressly stated it was relying only on those allegations that were publicly available.

reviewed the redacted allegations to determine whether they were privileged or confidential and qualified for sealing. But, as discussed, those allegations were never before the court and never the subject of a sealing order. Accordingly, it does not matter whether the redacted material was privileged or otherwise confidential.[11]

Finally, citing *Savaglio v. Wal-Mart Stores, Inc.* (2007) 149 Cal.App.4th 588 J-M contends Peebles and Simmons waived their right to belatedly seal the redacted complaints. *Savaglio* is inapposite. Peebles and Simmons are not trying to seal unredacted documents filed with the court. The sealed record rules do not apply to material never presented to the court.

## DISPOSITION

The January 19, 2022 order is affirmed. Peebles is to recover his costs on appeal.


PERLUSS, P. J.


We concur:



FEUER, J.                    MARTINEZ, J.

---

[11] Indeed, given Simmons's assertion the redactions concerned lawyer-client privileged communications, Evidence Code section 915 would prohibit disclosure of the information to the court for it to determine whether the privilege applied absent a waiver or exception. (See *Costco Wholesale Corp. v. Superior Court* (2009) 47 Cal.4th 725, 740.)

21